THOMPSON, Judge.
William Denby, (“the former husband”) appeals a trial court’s order requiring him to make payments to reduce a child support arrearage judgment. The former husband raises several arguments: the trial court had no jurisdiction to enter the order; he did not receive proper notice that the wife sought to enforce the judgment; and, the trial court imposed costs without notice to the former husband. We affirm in part and reverse in part.
The former husband and Shirley Denby (“the former wife”) were divorced in 1969. The final judgment required the former husband to pay $40.00 per week child support for his two minor children. Over the span of 26 years, the former wife filed several motions for orders of contempt based upon the former husband’s failure to pay court ordered child support. In 1981, the trial court ordered the former husband to pay child support and fixed the arrearage at $13,955. The arrearage was reduced to judgment but the court order did not require that any payments be made toward the arrearage. In 1996, the wife again moved to hold the former husband in contempt for failure to pay child support or the arrearage. The trial court did not hold the former husband in contempt, reasoning that he had timely paid the child support as ordered and the court order did not require him to pay any amount toward the arrearage. The trial court then ordered the former husband to pay the ar-rearage at “$52 per week until paid in full” and to pay $162.09 in costs within 90 days.
The former husband argues that the trial court had no jurisdiction to modify the judgment for arrearages, since he was not held in contempt of the 1981 court order, and that therefore the former wife’s only remedy was to civilly enforce the judgment. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). We disagree.
The Florida Legislature and the Florida Supreme Court have recognized that child support orders, including arrearage amounts which have been reduced to judgment are different from other types of judgments because there is a continuing obligation to support children. In Gibson v. Bennett, 561 So.2d 565 (Fla.1990), the supreme court stated:
Establishing a support decree as a money judgment does not destroy the decree as an order to pay support nor is the obligation reduced to an ordinary judgment debt enforceable only at law.... The purpose of the award remains the payment of support to the former spouse or the children regardless of its form.... A decree for support is different than a judgment for money or property: It is a continuing *984 obligation based on the moral as well as legal duty of a parent to support his or her children. Because of this difference, a judgment for support should be enforced by more efficient means than ordinary execution at law. To hold that such a judgment can be enforced only by execution at law would amount to depriving a support award of its inherent power of enforcement by contempt. The courts have a duty to provide an effective, realistic means for enforcing a support order, or the parent or former spouse for all practical purposes becomes immune from an order for support. In our view, this duty includes enforcement of a judgment of support by equitable processes of the court because a remedy at law that is ineffective in practice is not an adequate remedy.
Id. at 569 (Emphasis supplied.). Because the trial court has broad equitable powers to require payment of a parent’s child support obligation, the court’s requirement that the former husband reduce the arrearage by weekly payments did not constitute a modification of the original judgment, but rather was an exercise of the court’s equitable power to enforce that judgment.
The second point on appeal is without merit. The former husband argues that he did not receive notice that the former wife was seeking to modify the final judgment. Therefore, he argues, his ability to present an affirmative defense and properly prepare was adversely affected. The notice of hearing expressly stated that the former wife sought to have the former husband held in contempt for failing to pay child support and implement the arrearage judgment. Although, the notice did not request a specific payment schedule to reduce the arrearage, the. former husband was on notice that the arrearage was an issue to be considered by the court. Further, the former husband was represented by counsel at the hearing and was aware that $13,955 was the arrearage amount owed and sought by the former wife. The former husband does not contest the amount of the arrearage only how he should be required to pay it. Since the court had broad equitable power to require payment and former husband received notice, he has shown no prejudice.
The former husband also argues the trial court imposed $162.09 costs by written order without allowing him an opportunity to know the amount of the costs or whether or not they were reasonable. During the hearing, the former wife never requested costs even though the former husband was responsible to pay all administrative costs. See §§ 409.2554(1), 409.2567, Fla. Stat. (1995). There is no doubt that the former husband is obligated to pay the costs, but he is entitled to present evidence as to the reasonableness of the fees and how the fees should be assessed. See § 409.2554, Fla. Stat. (1995). We remand to afford the former husband an opportunity to be heard.
AFFIRMED in part; REVERSED in part.
W. SHARP, J., concurs.
DAUKSCH, J., concurs in result only.